UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. ARMATA, INC., <br><br>       Plaintiff, <br><br> - against - <br><br>BHSM GROUP LLC, BONGRAE FRUIT & VEGETABLE CORP. t/a FRESHWAY SUPERMARKET, DEOKSUNG FRUIT & VEGETABLE CORP. t/a FRESHWAY MARKETPLACE, KUMKANG FRUIT & VEGETABLE CORP. t/a FRESHWAY MARKETPLACE, TAEBAEK FRUIT & VEGETABLE CORP. t/a FRESHWAY MARKETPLACE, KI HYUNG KIM and HYE SOOK HA, <br><br>       Defendants. | Case No. 19-cv-3929 <br><br>**COMPLAINT** |

  Plaintiff E. Armata, Inc. ("Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants BHSM Group LLC ("BHSM"), Bongrae Fruit & Vegetable Corp. t/a Freshway Supermarket ("Bongrae"), Deoksung Fruit & Vegetable Corp. t/a Freshway Marketplace ("Deoksung"), Kumkang Fruit & Vegetable Corp. t/a Freshway Marketplace ("Kumkang"), Taebaek Fruit & Vegetable Corp. t/a Freshway Marketplace ("Taebaek"), Ki Hyung Kim ("Kim") and Hye Sook Ha ("Ha") (BHSM, Bongrae, Deoksung, Kumkang, Taebaek, Kim and Ha collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

  1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

  2. Venue in this district is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff E. Armata, Inc. is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant BHSM Group is a New Jersey limited liability company having its principal place of business in Ridgefield, New Jersey, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

5. Defendant Bongrae is a New York corporation having its principal place of business in Staten Island, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

6. Defendant Deoksung is a New Jersey corporation having its principal place of business in Belleville, New Jersey, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

7. Defendant Kumkang is a New Jersey corporation having its principal place of business in Ridgefield, New Jersey, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

8. Defendant Taebaek is a New Jersey corporation having its principal place of business in Fairview, New Jersey, engaged in the business of buying wholesale quantities of

produce in interstate commerce for sale at retail, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

9. Defendant Kim is and was an officer, director and/or equity holder of BHSM, Bongrae, Deoksung, Kumkang and Taebaek (collectively, the "Corporate Defendants") during the period of time in question who controlled the operations of each of the corporate defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

10. Defendant Ha is and was an officer, director and/or equity holder of the Corporate Defendants during the period of time in question who controlled the operations of each of the corporate defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

11. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

12. Between December 13, 2018 and April 11, 2019, Plaintiff sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an aggregate value of $383,676.55, for which Defendants have made partial payment and still owe Armata the aggregate sum of $180,944.32 as follows:

| | |
|---|---|
| Bongrae: | $2,095.00 |
| Deoksung: | $51,782.40 |
| Kumkang: | $13,666.00 |
| Taebaek: | $113,400.92 |

13. Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the aggregate principal amount of $180,944.32.

14. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-

related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

15. Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

16. Defendants' failure, refusal, and inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $180,944.32 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

19. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants received each of the produce shipments on which this action is based.

22. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

23. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms agreed to between the Parties.

24. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $180,944.32, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT KIM
(Unlawful Dissipation of Trust Assets by a Corporate Official)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendant Kim is an officer, director and/or equity holder who operated the Corporate Defendants during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

27. Defendant Kim failed to direct the Corporate Defendants to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

28. Defendant Kim's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//

//

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT HA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Defendant Ha is an officer, director and/or equity holder who operated the Corporate Defendants during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

32. Defendant Ha failed to direct the Corporate Defendants to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

33. Defendant Ha's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT KIM
(Breach of Personal Guaranty)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. As an inducement to allow Bongrae, Deoksung and Kumkang to purchase produce from Plaintiff on credit, Kim gave Plaintiff a personal guaranty of payment and performance of all obligations of Bongrae, Deoksung and Kumkang.

37. Plaintiff agreed to sell produce to the Bongrae, Deoksung and Kumkang, in part, in reliance on Kim's personal guaranty of payment and performance.

38. Kim has failed and refused to pay, and has expressed an inability to pay, the debt due Plaintiff from Defendants despite due demand.

39. As a direct and proximate result of Kim's failure to comply with his obligations under the personal guaranty, Plaintiff has suffered damages in the amount of $67,543.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT HA
(Breach of Personal Guaranty)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. As an inducement to allow Taebaek to purchase produce from Plaintiff on credit, Ha gave Plaintiff a personal guaranty of payment and performance of all obligations of Taebaek.

42. Plaintiff agreed to sell produce to the Taebaek, in part, in reliance on Ha's personal guaranty of payment and performance.

43. Ha has failed and refused to pay, and has expressed an inability to pay, the debt due Plaintiff from Defendants despite due demand.

44. As a direct and proximate result of Ha's failure to comply with her obligations under the personal guaranty, Plaintiff has suffered damages in the amount of $113,400.92, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE CORPORATE DEFENDANTS
(Failure to Pay For Goods Sold)

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46. The Corporate Defendants failed and refused to pay Plaintiff the amount of $180,944.32 owed to Plaintiff for goods received by Defendants from Plaintiff.

47. As a direct and proximate result of the failure of the Corporate Defendants to pay promptly, Plaintiff has incurred damages in the amount of $180,944.32, plus interest, costs and attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST THE CORPORATE DEFENDANTS
(Breach of Contract)

48. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 47 above as if fully set forth herein.

49. Each of the Corporate Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

50. Plaintiff's invoices to the Corporate Defendants constitute valid and enforceable agreements between the Parties.

51. Each of the Corporate Defendants breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

52. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

53. As a direct and proximate result of the breach of contract by the Corporate Defendants Plaintiff has suffered damages in the amount of $180,944.32, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE CORPORATE DEFENDANTS
(Declaratory Judgment that Corporate Defendants Are *Alter Egos*)

54. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

55. Upon information and belief, BHSM is the parent entity to which each of the remaining Corporate Defendants remit earnings.

56. Upon information and belief, BHSM controls the operations of each of the remaining Corporate Defendants.

57. Upon information and belief, the officers, directors and/or equity holders of each of the Corporate Defendants do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

58. Upon information and belief, Kim and Ha, independently or together, control the operations of each of the Corporate Defendants.

59. Kim and Ha personally guaranty the debts of the Corporate Defendants.

60. The Corporate Defendants use the same banking institutions.

61. The Corporate Defendants use the same or similar trade names.

62. The Corporate Defendants have the same suppliers.

63. The Corporate Defendants have the same registered agent, incorporators and business addresses.

64. Each of the Corporate Defendants uses the same address for receiving mail, including official documents from the Secretaries of State for the States of New York and New Jersey.

65. Upon information and belief, the Corporate Defendants have grossly inadequate capital.

66. Upon information and belief, some of the Corporate Defendants pay the salaries, expenses or losses of the other Corporate Defendants.

67. Upon information and belief, the Corporate Defendants have failed to maintain the corporate formalities.

68. The Corporate Defendants have abused the corporate form to deprive Plaintiff of the PACA trust funds to which it is entitled.

69. The Corporate Defendants are *alter egos* of one another, entitling Plaintiff to recover the PACA debt it is owed from each of the Corporate Defendants, jointly and severally.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

70. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 69 above as if fully set forth herein.

71. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

72. As a result of Defendants' continued failure to make full payment promptly in the amount of $180,944.32, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment against all Defendants, jointly and severally, in the amount of $180,944.32 under the trust provisions of PACA;

C. On the third cause of action, judgment against Kim in the amount of $180,944.32 under the trust provisions of PACA;

D. On the fourth cause of action, judgment against Ha in the amount of $180,944.32 under the trust provisions of PACA;

E.     On the fifth cause of action, judgment against Kim in the amount of $67,543.40;

F.     On the sixth cause of action, judgment against Ha in the amount of $113,400.92

G.     On the seventh cause of action, judgment against the Corporate Defendants, jointly and severally, in the amount of $180,944.32;

H.     On the eighth cause of action, judgment against the Corporate Defendants, jointly and severally, in the amount of $180,944.32;

I.     On the ninth cause of action, a declaration that the Corporate Defendants are *alter egos*;

J.     On the tenth cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

K.     Such other and further relief as the Court deems just and proper.

Dated: May 1, 2019

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiff

By: _____
Gregory Brown
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Phone:    (631) 425-8110
Fax:       (631) 425-8112
gbrown@mccarronlaw.com